UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LORETTA GROSE,

        Plaintiff,

v.                                      Civil Action No. 15-03818

WEST VIRGINIA ALLOYS, INC.,
a Delaware corporation,
WVA MANUFACTURING, LLC,
a Delaware limited liability company,
GLOBE METALLURGICAL, INC.,
a Delaware corporation,
and DAVID MALLOW,

        Defendants.

MEMORANDUM OPINION AND ORDER

        Pending is the motion to dismiss filed by defendant
David Mallow on April 2, 2015.

I.

A.

        Plaintiff Loretta Grose ("plaintiff") is a West
Virginia citizen who lives in Gallagher, West Virginia.
Defendant West Virginia Alloys, Inc., is a Delaware corporation
with its principal place of business in Miami, Florida.
Defendant Globe Metallurgical, Inc., is a Delaware corporation
with its principal place of business in Beverly, Ohio.
Defendant WVA Manufacturing, LLC ("WVAM"), is a Delaware limited

liability company whose constituent members are citizens of Delaware, Michigan, and Florida. Defendant David Mallow is a West Virginia citizen who lives in Boomer, West Virginia, and is the sole non-diverse defendant.

Jurisdiction is asserted under 28 U.S.C. § 1332. Although the parties are not of completely diverse citizenship, the defendants contend, in their notice of removal, that "the [c]ourt may . . . disregard Mr. Mallow's citizenship pursuant to the doctrine of fraudulent joinder." ECF No. 1 at ¶ 12 (<u>citing</u> <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999)).

B.

This civil action arises from an incident that occurred on or around May 21, 2014. Plaintiff was then employed as a "head tapper" at an industrial facility in Alloy, West Virginia, operated by WVAM. Plaintiff's duties included operating the facility's "ladle mechanism" and performing visual inspections of a furnace that contained molten metal.

The furnace was situated under "fire-brick" flooring. Plaintiff alleges that "[o]n and before May 21, 2014, the fire-brick flooring . . . was in a state of disrepair[,] and the integrity of the flooring was compromised." She claims that she

told this to "company management[,] including . . . [defendant] David Mallow," but that nothing was done about it.

On or around May 21, 2014, plaintiff was performing maintenance on the furnace when the fire-brick flooring partially collapsed and plaintiff fell partway through the floor.  This caused "half her body [to be] situated over the 2900-3200 [degree] Fahrenheit molten material" below.  Plaintiff alleges that she suffered "severe and permanent injuries" as a result.

Plaintiff commenced this action on February 11, 2015, in the Circuit Court of Fayette County, West Virginia.  The complaint asserts against each defendant (1) a "deliberate intent" claim, pursuant to West Virginia Code section 23-4-2(d)(2)(ii), and (2) a common law negligence claim based on the defendants' alleged failure to provide a reasonably safe workplace.  Mallow moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on April 2, 2015.

II.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ.

P. 8(a)(2); <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted. . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>overruled on other grounds by</u> <u>Twombly</u>, 550 U.S. at 563); <u>see also</u> <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007).  The requisite showing of an "entitlement to relief" must amount to more than mere "labels and conclusions."  <u>Twombly</u>, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>; <u>see also</u> <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 (4th Cir. 2008).  To survive a motion to dismiss for failure to state a claim, then, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570); <u>see also</u> <u>Monroe v. City of Charlottesville</u>, 579 F.3d 380, 386 (4th Cir. 2009).

When evaluating a motion to dismiss under Rule 12(b)(6), the court is required to "'accept as true all of the

factual allegations contained in the complaint. . . .'"
Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-556);
see also S. C. Dept. of Health and Envtl. Control v. Commerce
and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting
Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  Factual
allegations are to be distinguished from legal conclusions,
which the court need not accept as true.  Iqbal, 556 U.S. at 678
("[T]he tenet that a court must accept as true all of the
allegations contained in a complaint is inapplicable to legal
conclusions").  The court must also "draw[] all reasonable . . .
inferences from th[e] facts in the plaintiff's favor. . . ."
Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

### A.

In Count 1, plaintiff alleges a "deliberate intent"
claim pursuant to West Virginia Code section 23-4-2(d)(2)(ii).
Complaint ("Compl.") ¶ 19.  In response, Mallow contends that
"[a] 'deliberate intent' claim will not lie against a non-
employer 'person,' such as a supervisor or co-employee."  Mallow
Memorandum in Support of Motion to Dismiss ("Mallow Mem.") ¶ 5.

In Count 2, plaintiff asserts a common law negligence
claim against Mallow.  Specifically, plaintiff alleges that

Mallow "had the duty to control . . . and . . . exercised control over the Alloy[, West Virginia] facility's operations and equipment, and [thus] had the duty to provide the [p]laintiff and other employees at the facility with a reasonably safe place to work[.]"  Compl. ¶ 23.  Plaintiff further alleges that Mallow "negligently and carelessly failed to provide . . . a reasonably safe place to work[,]" and that this failure directly and proximately caused plaintiff "severe [and] permanent injuries[.]"  Id. ¶¶ 24-25.  In his motion to dismiss, Mallow contends that the immunity conferred on employers by West Virginia Code section 23-4-6, and extended to a variety of natural persons, including "managers," by section 23-4-6a, precludes such a claim.  Mallow Mem., at pp. 5-7.

B.

The West Virginia Workers' Compensation Act ("the Act") is intended to provide a simple, expeditious method of resolving disputed claims arising from workplace injuries. Mitchell v. State Workmen's Comp. Comm'r, 163 W. Va. 107, 117 (1979); Meadows v. Lewis, 172 W. Va. 457, 469 (1983).  To that end, the Act "remove[s] from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee." W. Va. Code § 23-4-2(d)(1); see also Belcher v. Richardson, 317

6

F. Supp. 1294, 1296 (S.D. W. Va. 1970) (Christie, J.) (<u>rev'd on
other grounds</u>, 404 U.S. 78 (1971)) (The Act "takes from the
employee his common law right to sue his employer for damages
for negligence" in return for payment from the workers'
compensation fund.).  Section 23-2-6 expressly provides that
covered employers are "not liable to respond in damages at
common law or by statute for the injury or death of any
employee, however occurring. . . ."  The immunity provided by
section 23-2-6 is, by section 23-2-6a, in turn extended to
"every officer manager, agent, representative[,] or employee" of
a covered employer.

     But workers' compensation immunity is not absolute --
it "may be lost . . . if the employer or person against whom
liability is asserted acted with deliberate intention."[1]  W. Va.
Code § 23-4-2(d)(2) (internal quotation marks omitted).  Section
23-4-2(d)(2)(i) and (ii)[2] provide two "separate and distinct"

----

[1] By the terms of section 23-2-6, immunity may also be lost if an
employer is "in default in the payment of premiums or direct
payments" owed pursuant to the Act.  W. Va. Code § 23-2-6.
Plaintiff does not allege any facts that would affect immunity on
that basis.

[2] Section 23-4-2 was amended recently.  The amendments took effect
on June 12, 2015, and apply to "all injuries occurring on or after
July 1, 2015."  W. Va. Code § 23-4-2(g) (2015).  Plaintiff's
injuries are alleged to have occurred "on or around May 21, 2014,"
Compl. ¶ 16.  "The statutes governing the rights and duties of the
employer and claimant . . . are those that were in effect on the
date of the injury."  <u>Smith v. State Workmens' Comp. Comm'r</u>, 199

ways in which deliberate intention may be established.  Syl. Pt. 1, <u>Mayles v. Shoney's Inc.</u>, 185 W. Va. 88 (1990) (<u>citing</u> W. Va. Code § 23-4-2(d)(2)).  Under subsection (i), a plaintiff can show deliberate intention by proving that the employer or person against whom liability is asserted acted with a "consciously, subjectively, and deliberately" formed intention to produce "the specific result of injury or death to the employee."  <u>See</u> W. Va. Code § 23-4-2(d)(2)(i).  Plaintiff does not allege that any defendant violated section 23-4-2(d)(2)(i).  <u>See</u> Compl. ¶ 19 ("Defendants violated West Virginia Code [section] 23-4-2(d)(2)(ii). . . .").  Consequently, only subsection (ii) is relevant here.

Under subsection (ii), a plaintiff can show deliberate intention by proving the existence of the five elements set out by section 23-4-2(d)(2)(ii), as follows:

> (A)  That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B)  That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

---

W. Va. 108, 112 (1975)  Thus, the version of section 23-4-2 in effect prior to the 2015 amendments, and set forth below, governs this action.  All references to section 23-4-2 herein are to the version prior to the 2015 amendments.

(C)   That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D)   That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E)   That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii).  If the requisite showing is made, then a plaintiff may recover, through a tort claim, "any excess of damages over the amount received or receivable" in workers' compensation benefits.  Syl. Pt. 3, Powroznik v. C. & W. Coal Co., 191 W. Va. 293 (1994); see also Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 123 (4th Cir. 1995) (same).

The West Virginia Supreme Court of Appeals recently resolved a longstanding uncertainty regarding subsection (ii). See Young v. Apogee Coal Co., LLC, 232 W. Va. 554 (2013). In Young, an employee was allegedly instructed by his "maintenance supervisor" to remove an 11,685 pound counterweight on a piece of industrial equipment. While removing the weight, it fell on top of the employee and killed him. The employee's estate filed a wrongful death action in state court against the employer company, its parent corporation, and the individual supervisor. The complaint included, among other things, a deliberate intent claim brought under section 23-4-2(d)(2)(ii). The defendants asserted that section 23-4-2(d)(2)(ii) authorized claims against "employers" only. The Supreme Court agreed that subsection (ii) applied only to employers, holding as follows:

> West Virginia Code [section] 23-4-2(d)(2)(ii) (2005) provides for a "deliberate intent" cause of action against an employer only. A non-employer "person," as identified in West Virginia Code [section] 23-2-6a (1949), may not be made a defendant in a cause of action brought pursuant to West Virginia Code [section] 23-4-2(d)(2)(ii).

Syl. Pt. 6, Young, 232 W. Va. 554.

Here, plaintiff alleges in Count 1 that Mallow acted with "deliberate intention" when he "intentionally and knowingly exposed [her] to . . . unsafe working conditions[.]" Compl. ¶ 19 (citing W. Va. Code § 23-4-2(d)(2)(ii)). Even if true, such

a claim will only strip Mallow of the immunity conferred by the Act if he is an "employer" within the meaning of section 23-2-6, and not a "person" within the meaning of section 23-2-6a.

The complaint refers to Mallow as "company management."  Compl. ¶ 13.  A "non-employer 'person[],'" as defined in section 23-2-6a, "may not be made a defendant in a cause of action brought pursuant to [section] 23-4-2(d)(2)(ii)."  Syl. Pt. 6, <u>Young</u>, 232 W. Va. 554.  Section 23-2-6a refers to "officer[s], manager[s], agent[s], representative[s, and] employee[s]."  As "company management," Mallow is apparently a "person," as defined in section 23-2-6a, and the complaint contains no basis for concluding otherwise.  Accordingly, he is entitled to immunity from liability under common law or statute, as discussed above.

Count 2 asserts a common law negligence claim against Mallow based on his alleged failure "to provide . . . a reasonably safe place to work."  Compl. ¶ 19.  As explained above, the Act was specifically designed to remove disputes between employers and employees over compensation for workplace injuries from the common law tort system.  <u>See</u> W. Va. Code § 23-4-2(d)(1); <u>see also</u> <u>Bias v. E. Assoc. Coal Corp.</u>, 220 W. Va. 190, 194 (2006) ("The legislature intended for W. Va. Code § 23-2-6 (1991) to provide qualifying employers sweeping immunity

from common-law tort liability for negligently inflicted
injuries."); Belcher v. H.H. Fletcher & Co., 498 F. Supp. 629,
629 (S.D. W. Va. 1980) (Kidd, J.) (observing that the Act was
designed to remove negligently caused industrial and workplace
accidents from the common law tort system).  Thus, "[t]o the
extent that a worker's injuries are of the type . . . for which
workers' compensation benefits may be sought . . . the
exclusivity provision of [the Act] prohibits recovery outside of
the mechanisms set forth" in the Act itself, except where
immunity from suit has been overridden.  Syl. Pt. 4, Messer v.
Huntington Anesthesia Grp., Inc., 218 W. Va. 4 (2005).  Because
plaintiff cannot overcome the immunity extended to Mallow by
section 23-2-6a, neither can she hold him liable for negligence
under common law.  Accordingly, even after taking the factual
allegations in the complaint as true, Count 2 fails to state a
claim against Mallow for which relief can be granted.

IV.

        For the foregoing reasons, it is ORDERED that
defendant David Mallow's motion to dismiss the complaint be, and
it hereby is, granted, and he is dismissed from this action.

12

The Clerk is requested to transmit copies of this

order to all counsel of record and any unrepresented parties.

ENTER: December 1, 2015

John T. Copenhaver, Jr.
United States District Judge